J. DENIS MORAN Director of State Courts
You have asked for my advice concerning a situation arising out of a recent medical malpractice proceeding before a patient compensation panel under chapter 655, Stats., wherein the panel found a physician to have been negligent, but the physician was not named as a respondent in the submission of controversy and was not otherwise joined as a party. In essence, you ask how the panel's finding should be treated for the purposes of making reports to and proceedings before the Medical Examining Board.
The submission of controversy under section 655.04 (1) claimed negligent treatment at a hospital emergency room. As party respondents, it named only the hospital and the patients compensation fund.
Following proceedings before a formal patients compensation panel, the panel found a particular emergency room physician to be negligent with respect to the care and treatment of the claimant and that the negligence was a substantial factor in causing the damages sustained. As a conclusion of law, the panel held that the negligence of the physician is imputed to the hospital under the circumstances of the case and that the hospital is liable for the award.
The submission of controversy did not name the physician as a respondent nor was he added as a named respondent pursuant to section 655.10. The physician was not represented by an attorney during the panel hearing. He appeared only as a witness. By panel order witnesses were not allowed to be present except during their own testimony. The physician was represented by his insurance company's attorney at the time of his deposition, but his attorney was considered to lack status to make objections. The panel's final order awards damages against the hospital and the fund and not against the physician.
You ask: Given a patient compensation panel's finding of negligence against a physician who is not a named respondent in the *Page 72 
proceedings, how should the finding be treated for purposes of making reports to the medical examining board?
The issue is complicated by a legislative hiatus created by 1985 Wisconsin Act 29. Prior to its enactment, section 655.08 required a panel to refer its findings and recommendations to the appropriate examining board if the panel finds that any health care provider, other than a hospital, has acted negligently. Under section 448.02 (3)(intro.), Stats. (1983), a finding of negligence by a panel was to be taken as "an allegation of unprofessional conduct." It was left to the examining board to investigate the matter and pursue such disciplinary measures as it deemed appropriate.
1985 Wisconsin Act 29 made significant changes in the foregoing provisions. It continues to require panels to file their findings with the director of the system, section 655.065 (5), and it requires the director to make quarterly reports to the appropriate examining board on cases filed and disposed of during the quarter, beginning with the first quarter of 1986. Most importantly, a finding of negligence by a panel is to be taken by the examining board as "conclusive evidence that the physician is guilty of negligence in treatment." Sec. 448.02 (3)(b), Stats. However, by the terms of the statute, as emphasized below, the reports that go to the Medical Examining Board are to focus on physicians who are named respondents in the submission of controversy.
Section 655.045, as created by 1985 Wisconsin Act 29 provides:
 Quarterly reports. (1) MEDICAL EXAMINING BOARD. For the quarter beginning on January 1, 1986, and thereafter, the director shall file with the medical examining board quarterly reports which include the following information:
 (a) The name of each health care provider licensed by the medical examining board who is named as a respondent in a submission of controversy filed under s. 655.04 (1) during the quarter. For each respondent listed, the report shall include the dates on which the medical treatment which gave rise to the claim was rendered, whether the claimant sought recovery in an amount greater or less than $25,000, a brief description of the allegation of negligence on the part of the respondent and the case number assigned to the claim.
 (b) The name of each health care provider licensed by the medical examining board who is joined as a respondent under s. *Page 73 
655.10 in a submission of controversy filed during the quarter. For each respondent listed, the report shall include the case number assigned to the claim and a brief description of the allegation of negligence on the part of the respondent.
 (c) The name of each health care provider licensed by the medical examining board of whom the director has received notice under s. 655.065, or who has been dismissed from a claim as a result of any other settlement agreement, during the quarter. For each respondent named, the report shall indicate the case number assigned to the claim, whether the claim was disposed of by settlement, compromise, stipulation agreement or default, whether the disposition resulted in payment to a claimant and the dollar amount of payment, if any, to the extent the director has this information.
 (d) A report of all panel and court findings, orders and judgments relating to claims brought under this subchapter against any health care provider licensed by the medical examining board issued during the quarter. For each respondent named, the report shall indicate the case number assigned to the claim by the director, the court docket number if the action was brought before a court under s. 655.19, whether the finding, order or judgment included an award to a claimant and the dollar amount of the award, if any, to the extent the director has this information.
The revisions enacted by 1985 Wisconsin Act 29 took effect on July 20, 1985, and thus would normally apply to the subject panel findings and order dated September 27, 1985. Therefore, in my opinion, the revised provisions of section 448.02 (3)(b), making the panel finding conclusive on the issue of negligence, would ostensibly apply. However, technically there is no reporting requirement in force as of September 27, 1985. This is because the prior reporting requirement was repealed as of July 20, 1985. The new reporting requirement is not implemented until the end of the first quarter of 1986, and it pertains only to cases filed or disposed of during that first quarter.
In my opinion, there was no intention to create a hiatus of reporting between July 20, 1985, and the first quarter of 1986. Reports to examining boards were required under the old law and are required under the new law. There is no reason to suspend *Page 74 
reporting during the transition. Indeed, the absence of a reporting requirement would not preclude reporting on a voluntary basis. The underlying purpose of apprising the examining board of possible unprofessional conduct continues undiminished.
The move from the old law signals a strengthening of the relationship between the work of the patients compensation panel system and the examining board. It would be inconsistent to suggest that there should be no relationship in the interim. Therefore, during this period it is my suggestion that the director continue to apprise the appropriate examining boards of panel decisions. The exchange should be at least as substantive as under prior section 655.08, Stats. (1983).
The remaining issue that must be addressed is the effect to be given to panel findings of negligence issued after July 20, 1985, and before the first quarter of 1986.
As indicated earlier, the change in section 448.02 (3) took effect on July 20, 1985. Thereafter, according to its new terms, a "finding by a panel established under sec. 655.02 or by a court that a physician has acted negligently is conclusive evidence that the physician is guilty of negligence in treatment." However, returning to the circumstances that prompted your request, it is my opinion this rule should not be applied by the examining board against physicians who are not named respondents in the medical malpractice proceedings. It is clear from the new reporting provisions in section 655.045, which accompanied the new rule of evidence in section 448.02 (3), that the Legislature expects the reports and rule to apply only to named respondents having party status in the panel proceedings. I expect the Legislature correctly anticipated that there would otherwise be serious constitutional problems. In my opinion, the due process clause of the United States Constitution would not allow a conclusive presumption of negligence to attach to a proceeding and physician where the physician was not a named party in the underlying proceedings. See Patterson v. University Board ofRegents, 119 Wis.2d 570, 580-87, 350 N.W.2d 612 (1984).
Where a panel finds a physician negligent, but the physician was not a named party, this information should be conveyed to the Medical Examining Board for further investigation, but no evidentiary significance necessarily flows from the panel finding. In each case, it should be made clear to the examining board that the *Page 75 
physician was not a party to the panel proceedings. To avoid the situation where an unnamed physician is found negligent, parties and panel chairpersons should be reminded of the joinder provisions under section 655.10. Panel chairpersons in particular should be urged to exercise their authority to join necessary parties.
BCL:RWL *Page 76